UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRYAN SCHWENK; AHMED ELHENAWY,<br><br>                        Plaintiffs,<br><br>              -against-<br><br>ROXE, INC.; HAOHAN XU; MAODONG XU; XIAOYU LI,<br><br>                        Defendants. | 1:23-CV-0715 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Bryan Schwenk, of New York, New York, and Plaintiff Ahmed Elhenawy, of Woodland Park, New Jersey, filed this *pro se* action invoking the court's federal question jurisdiction, but asserting that the legal basis for their claims is the New York State Wage Theft Prevention Act. They sue: (1) their former employer, Roxe, Inc.("Roxe"), of New York, New York; (2) Roxe's Chief Executive Officer ("CEO"), Haohan Xu, of Mill Neck, New York; (3) Roxe's President, Maodong Xu, also of Mill Neck, New York; and (4) Roxe's "Head of Finance/Beneficial Owner," Xiaoyu Li, of Hudson, New Jersey. (ECF 1, at 5-6.) Plaintiffs seek a total of $47,461.54 in damages arising from "unpaid compensation." (*Id.* at 7.) Their claims arise from the defendants' alleged withholding of salary and bonus compensation from them, "in violation of employment contracts." (*Id.* at 6.)

The Court notes that Plaintiffs have paid the fees to bring this action. For the reasons set forth below, the Court grants Plaintiffs 60 days' leave to file an amended complaint.

## STANDARD OF REVIEW

The Court has the authority to dismiss an action, even when the plaintiffs have paid the fees to bring the action, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject

matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiffs allege the following: Between October 17, 2022, and December 2, 2022, at Roxe's location in New York, New York, the defendants "withheld salary and bonus compensation for work performed [by Plaintiffs], in violation of employment contracts." (ECF 1, at 6.) Plaintiffs repeatedly inquired about the compensation that they were owed, but they did not receive it.[1] Roxe's CEO, Haohan Xu, and Roxe's President, Maodong Xu, at times, have "self-funded Roxe with personal funds, [and have] also used Roxe not for [its] intended purpose as a financial technology company[,] but as a vehicle to attract investors and [to] attempt to execute an initial public offering." (*Id.*) Because of this, "the corporate veil should not apply and these executives should be considered liable as the corporate entity itself for breach of contact[] and be held accountable to compensate [P]laintiffs as promised per the employment agreements." (*Id.*) Plaintiffs seek a total of $47,461.54 in "unpaid compensation." (*Id.* at 7.)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's subject matter jurisdiction is available only when a "federal question" is presented or, when asserting claims under state law under the court's diversity jurisdiction, when plaintiffs and defendants are

---

[1] Plaintiffs do not reveal their former job responsibilities at Roxe.

citizens of different States and the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. §§ 1331, 1332(a)(1). "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas*, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts on their own initiative. . . .").

A.   **Federal question jurisdiction**

Plaintiffs' complaint does not allege facts sufficient to demonstrate that the Court can consider Plaintiffs' claims under the court's federal question jurisdiction. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." § 1331. An action can be maintained under this jurisdiction if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal question jurisdiction, without any facts demonstrating a federal law claim, does not create federal question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiffs invoke the court's federal question jurisdiction, but assert that the legal basis for their claims is the New York State Wage Theft Prevention Act and allege facts relating only to

3

the non-payment of wages allegedly due pursuant to contracts. (ECF 1, at 2.) Thus, Plaintiffs do not allege facts sufficient to establish federal question jurisdiction.[2]

**B.      Diversity jurisdiction**

While Plaintiffs appear to attempt to assert claims under state law, which might be covered by the court's diversity jurisdiction, the complaint does not demonstrate that the Court has such jurisdiction of those claims. To establish a federal district court's diversity jurisdiction, the plaintiffs must first show that they and the defendants are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but

---

[2] The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, is a federal statute passed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers. . . ." 29 U.S.C. § 202(a). It does so, in part, by setting substantive wage, hour, and overtime standards. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 11 (2011). Among other mandates, the FLSA requires employers to pay each of their non-exempt employees engaged interstate commerce "not less than" the prevailing minimum wage. 29 U.S.C. § 206(a)(1); *see* 29 U.S.C. § 213 (exempt employees). It also requires that non-exempt "employee[s] engaged in interstate commerce be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. . . ." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (footnote omitted) (citing 29 U.S.C. § 207(a)); *see* §§ 207(a) (overtime pay requirement), 213 (exempt employees). At this time, Plaintiffs do not allege any facts that would suggest that they are invoking this statute. They appear to allege generally that they have not received their agreed-upon compensation; they do not suggest that their agreed-upon compensation did not comport with the standards set forth in the FLSA.

one domicile." *Id.* For diversity purposes, a corporation, however, is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also The Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

In addition, the plaintiffs must allege to a "reasonable probability" that their claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiffs appear to allege that they are citizens of New York and New Jersey, respectively, that Defendants Haohan Xu, Maodong Xu, and possibly, Roxe, are citizens of New York, and that Defendant Xiaoyu Li is a citizen of New Jersey. (ECF 1, at 5-6.) Thus, the parties are not diverse. In addition, Plaintiffs only seek $47,461.54 in damages, an amount well below the jurisdictional amount for a diversity action, which is an amount in excess of the sum or value of $75,000. Accordingly, the Court lacks diversity jurisdiction to consider Plaintiffs' claims under state law.

C.     **Leave to amend**

Plaintiffs proceed in this matter without the benefit of an attorney. District courts generally should grant self-represented plaintiffs an opportunity to amend their complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that federal district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d

5

99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiffs may be able to amend their complaint to allege facts to establish either the court's federal question or diversity jurisdiction, the Court grants them 60 days' leave to file an amended complaint to establish either jurisdiction.

In the "Statement of Claim" section of their amended complaint, Plaintiffs must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiffs have an address for any named defendant, they must provide it. Plaintiffs should include all of the information in the amended complaint that they want the Court to consider in deciding whether the court has jurisdiction to consider this action and whether the amended complaint states a claim for relief. That information should include:

 a) the names and titles of all relevant people;

 b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

 c) a description of the injuries Plaintiffs suffered; and

 d) the relief Plaintiffs seek, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiffs' amended complaint should tell the Court: who violated Plaintiffs' federally protected rights or injured them; how, when, and where such violations or injuries occurred; and why Plaintiffs are entitled to relief.

Because Plaintiffs' amended complaint will completely replace, not supplement, their original complaint, any facts or claims that Plaintiffs want to include from their original complaint must be repeated in their amended complaint.

## CONCLUSION

The Court grants Plaintiffs leave to file an amended complaint that complies with the standards set forth above. Plaintiffs must submit the amended complaint to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:23-CV-0715 (LTS). An amended complaint form is attached to this order. No summonses will issue at this time. If Plaintiffs fail to comply within the time allowed, and they cannot show good cause to excuse such failure, the Court will enter judgment dismissing this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: March 6, 2023
       New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge