UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BRYAN C. SCHWENK, AHMED ELHENAWY,    :         ORDER
and JIANMING LI,
                                     :         23 Civ. 715 (RA) (GWG)
            Plaintiffs,
    -v.-                             :

ROXE INC., et al.,                   :

            Defendants.              :
----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      On June 15, 2023, the Court instructed plaintiffs to serve defendants within 90 days of the issuance of the summons.  See Docket # 8.  That period has since expired, and as of the date of this Order, the docket sheet does not reflect that any of the defendants have been properly served.

      As to defendant Roxe Inc., the Court notes that there has been no document filed purporting to reflect service on Roxe Inc.

      As to Maodong Xu, there is a docket entry (Docket # 15) stating that it attaches an affidavit of service as to Maodong Xu.  But the actual document attached to Docket # 15 refers to service on Haohan Xu.  Thus, there is no proof of service as to Maodong Xu.[1]

      As to defendants Xiaoyu Li and Haohan Xu, the affidavits of service (see Dockets ## 14, 16) do not show proper service.  The form identifies Xiaoyu Li and Haohan Xu each as "a private corporation" and indicates that the summons was delivered to a named individual who the servicer "knew" to be an "agent authorized to accept service" on behalf of the "corporation." However, defendants Xiaoyu Li and Haohan Xu are individuals.  Additionally, an individual cannot be served through an agent unless the agent has been "authorized by appointment." Fed. R. Civ. P. Rule 4(e)(2)(C).  Here, there is no proof that the individual listed in the affidavits was appointed as an agent of service for the individual defendants.  While service may be made pursuant to state law, see Fed. R. Civ. P. 4(e)(1), the affidavits do not show proper service under New York law either.

      At this point, the amended complaint could be properly dismissed for failure to comply with the 90-day deadline for service in Fed. R. Civ. P. 4(m).  Nonetheless, the Court will on its own extend the deadline for proper service to October 16, 2023.  If proof of proper service is not filed by that date, plaintiffs are warned that this case may be dismissed under Fed. R. Civ. P. 4(m) or for failure to prosecute under Fed. R. Civ. P. 41(b).

---

[1]  The form attached to Docket # 15 appears to be the same form appearing at Docket # 16, which relates to defendant Haohan Xu.

Finally, the Court notes that the Pro Se Intake Unit at the United States Courthouse, 40 Centre Street, Room 105, New York, New York ((212) 805-0175) may be of assistance to the plaintiffs in connection with court procedures. Also, plaintiffs may wish to seek assistance from the New York Legal Assistance clinic at (212) 659-6190.

SO ORDERED.

Dated: October 2, 2023
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge